Chara CURTIS; Cynthia Aldrich;
Alfred Currier, Plaintiffs-
Appellees,

v.

ILLUMINATION ARTS, INC.; Illumina-
tion Arts Publishing, L.L.C.; John M.
Thompson; Kimmie Lynn Thompson,
Defendants-Appellants.

No. 14-35686

United States Court of Appeals,
Ninth Circuit.

Submitted March 8, 2017 *
Seattle, Washington

Filed March 16, 2017

Kurt Edward Kruckeberg, Esquire, At-
torney, Amit D. Ranade, Hillis Clark Mar-
tin & Peterson, P.S., Seattle, WA, for
Plaintiffs-Appellees

Philip A. Haas, Haas Law, P.S., Seattle,
WA, for Defendants-Appellants

Before: GRABER, IKUTA, and
HURWITZ, Circuit Judges.

MEMORANDUM **

Plaintiffs Chara Curtis, Cynthia Aldrich,
and Alfred Currier are the author and
illustrators of three children's books. They
sued Defendants—two publishing entities
and two individuals involved with those
entities—for copyright infringement and
breach of contract after Defendants alleg-
edly stopped paying royalties but contin-
ued to sell Plaintiffs' books without per-

mission. Defendants appeal from the final
judgment against them, and we affirm.

1. The district court did not abuse its
discretion by entering a default judgment
against Defendants. DirecTV, Inc. v. Hoa
Huynh, 503 F.3d 847, 852 (9th Cir. 2007).
The court appropriately applied the factors
identified in Eitel v. McCool, 782 F.2d
1470, 1471–72 (9th Cir. 1986). The court
documented Defendants' numerous discov-
ery violations and delays that took place
over many months. The court issued sever-
al warnings and lesser sanctions that were
ineffective in causing Defendants to com-
ply with deadlines and court orders. Final-
ly, the court held an evidentiary hearing
before entering a default judgment.

2. The district court did not err in failing
to construe Defendant John Thompson's
pro se declarations as requests to with-
draw Defendants' admission as to Request
for Admission # 41, pursuant to Federal
Rule of Civil Procedure 36(b), and in fail-
ing to order that the admission be with-
drawn. The pro se filings at issue are not
reasonably interpreted to ask for with-
drawal of any admissions. No party cited
Rule 36 in the district court. Moreover,
even if we construed the filings as Rule
36(b) motions, withdrawal of an admission
is permissive, not mandatory, and we re-
view the denial of such a motion only for
abuse of discretion. Conlon v. United
States, 474 F.3d 616, 621 (9th Cir. 2007).
And finally, because all infringement-relat-
ed facts were deemed admitted because of
the default, Derek Andrew, Inc. v. Poof
Apparel Corp., 528 F.3d 696, 702 (9th Cir.
2008); TeleVideo Sys., Inc. v. Heidenthal,
826 F.2d 915, 917–18 (9th Cir. 1987) (per
curiam), withdrawal of the admissions
would not make any difference to the out-
come.

---

* The panel unanimously concludes that this
case is suitable for decision without oral argu-
ment. Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publi-
cation and is not precedent except as provid-
ed by Ninth Circuit Rule 36-3.

3. Because Plaintiffs' allegations of willful infringement are deemed true on account of the default, the district court properly found that the infringement was willful. We find no abuse of discretion in the court's award of statutory damages. See BMG Music v. Perez, 952 F.2d 318, 320 (9th Cir. 1991) (describing "'wide discretion' in setting the amount of damages within the statutory range,") reviewed for an abuse of discretion (quoting Harris v. Emus Records Corp., 734 F.2d 1329, 1335 (9th Cir. 1984)); Harris, 734 F.2d at 1335 ("The award will be overturned only for abuse of discretion."). The court awarded only one-third of the allowable maximum, and an award of statutory damages is meant to serve both compensatory and punitive purposes. L.A. News Serv. v. Reuters Television Int'l, Ltd., 149 F.3d 987, 996 (9th Cir. 1998).

4. The district court did not err in finding Defendant Kimmie Thompson individually liable for copyright infringement. As noted, upon entry of default, the allegations of the complaint were deemed true. And the complaint accused all Defendants of directly continuing to publish, sell, and distribute the books even after Plaintiffs terminated the publishing agreement. Those facts make her liable for damages under the Copyright Act, 17 U.S.C. § 501(a).

5. The district court did not clearly err in applying the alter ego doctrine to hold Defendant John Thompson individually liable to Plaintiffs on their breach of contract claim. See Towe Antique Ford Found. v. IRS, 999 F.2d 1387, 1391 (9th Cir. 1993) (holding that we review application of the alter ego doctrine for clear error). Under Washington law, "[f]irst, the corporate form must be intentionally used to violate or evade a duty; second, disregard must be necessary and required to prevent unjustified loss to the injured party." Meisel v. M & N Modern Hydraulic Press Co., 97 Wash.2d 403, 645 P.2d 689, 692 (1982) (internal quotation marks omitted). "Intentional misconduct must be the cause of the harm that is avoided by disregard." Id. at 693. First, the court cited undisputed facts demonstrating that John Thompson used corporate assets to pay for obviously personal expenses, such as grocery bills, salon services, pet services, and dental work, and that he freely transferred money between personal and company accounts. Second, the court did not clearly err in concluding that this behavior dissipated corporate assets available to pay Plaintiffs' royalties. Although the district court did not explicitly hold that disregard of the corporate form was necessary to prevent unjustified losses to Plaintiffs, this oversight was harmless. The record shows that the corporate entities were nearly insolvent, and therefore any dissipation resulting from John Thompson's use of corporate assets to pay personal expenses would directly and unjustifiably harm Plaintiffs.

**AFFIRMED.**